UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARLO D. THOMAS,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>TED HANF, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 3:20-cv-00487-MMD-CSD<br><br>ORDER |

**I.   SUMMARY**

*Pro se* Plaintiff Marlo D. Thomas, who is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), brings this action under 42 U.S.C. § 1983 against Defendants Dr. Ted Hanf and Jessica Luchessi, RN. (ECF No. 5, 6.) Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Craig S. Denney (ECF No. 40), recommending the Court deny Defendants' motion for summary judgment (ECF No. 31 ("Motion")).[1] Defendants filed an objection to the R&R.[2] (ECF No. 41 ("Objection").) Because the Court agrees with Judge Denney's analysis as to Defendants' Motion, the Court will accept and adopt the R&R in full. Accordingly, the Court will deny Defendants' Motion.

**II.   BACKGROUND**

The Court incorporates by reference Judge Denney's description of the case's background and relevant facts provided in the R&R, which the Court adopts. (ECF No. 40 at 1-3, 6-16.)

///

---

[1] Plaintiff responded (ECF No. 37), and Defendants did not file a reply.

[2] Plaintiff responded to Defendants' Objection. (ECF No. 42.)

## III. DISCUSSION

Defendants make several arguments in their Objection. First, Defendants argue that Luchessi was not deliberately indifferent to Plaintiff's serious medical needs. (ECF No. 41 at 3.) Second, Defendants argue that Hanf was not deliberately indifferent to Plaintiff's serious medical needs. (*Id.* at 3-5.) Third, Defendants argue that they are entitled to qualified immunity. (*Id.* at 5-6.) Because Defendants filed their Objection, the Court will address each argument in turn under de novo review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("[D]e novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original).

### A. Luchessi

Judge Denney recommends the Court deny Defendants' Motion as to Luchessi because there is a dispute of fact as to whether Luchessi was deliberately indifferent to Plaintiff's serious medical needs, specifically as to whether she disregarded Plaintiff's statements that he was in significant pain and failed to provide him with pain medication despite having the opportunity to do so. (ECF No. 40 at 16.) Defendants object to Judge Denney's recommendation arguing that Plaintiff has not provided any evidence to support his allegations that he told Luchessi that he was in pain to counter Defendants' documentation that Plaintiff specifically stated he was in no pain, and therefore, no pain medication would have been required or necessary. (ECF No. 41 at 3.)

The Court finds Defendants' objection unpersuasive because Plaintiff has in fact proffered evidence showing that he had told Luchessi that he was in pain. As Plaintiff argues in his response to Defendants' Objection and the Court agrees, Plaintiff stated in his declarations that he told Luchessi that his fingers were broken and bleeding and that he was in significant pain. (ECF No. 42 at 5; ECF No. 37 at 33; ECF No. 6 at 33-34.) Moreover, Plaintiff also provided the declaration of Norman Belcher, who observed Plaintiff's interactions with Luchessi and corroborates that Plaintiff told Luchessi his fingers were broken and that he was in pain. (ECF No. 37 at 36.) And while Defendants reiterate

the argument that Luchessi was not authorized to prescribe pain medication, as Judge Denney found, it was plausible she could have asked the medical provider, Hanf, about pain medication for Plaintiff since there is evidence from Plaintiff's and Belcher's declarations that she had spoken to Hanf about giving Plaintiff a soft splint. (*Id.* at 33, 36.)

Plaintiffs' proffered sworn declarations therefore constitute evidence from which a reasonable factfinder could find that Luchessi knew of Plaintiff's significant pain from his broken fingers and denied him pain medication or other medical treatment in violation of his Eighth Amendment rights. *See Hallet v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2022) ("Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment.") (internal quotations and citations omitted). Accordingly, the Court adopts Judge Denney's recommendation that Defendants' Motion be denied as to Luchessi.

**B.     Hanf**

As to Hanf, Judge Denney similarly recommends the Court deny Defendants' Motion because there are disputes of fact as to whether Hanf was deliberately indifferent to Plaintiff's serious medical needs close in time to Plaintiff's injury and then during later points in time. (ECF No. 40 at 17-18.) Defendants object to Judge Denney's recommendation and argue that: (1) Plaintiff cannot prove that Hanf was aware of his condition at the time of his injury on March 11, 2019 (ECF No. 41 at 4); (2) there is no factual dispute regarding Plaintiff's refusal of transport to see the orthopedic specialist because Plaintiff "has not provided any evidence to the contrary, except for his recollection of the events" (*id.* at 5); and (3) even if Plaintiff can prove that there was a denial, delay, or intentional interference with his medical treatment, "his outcome most likely would have been the same if he had received treatment immediately" (*id.*).

The Court finds all of Defendants' objections unpersuasive. First, as Judge Denney found, Plaintiff has presented evidence that Hanf was aware of his condition on March 11, 2019, in the form of his and Belcher's sworn declarations that indicated Luchessi had spoken with the "prison provider," Hanf, about Plaintiff's condition on March 11, 2019.

3

(ECF No. 37 at 33, 36.) Even if Plaintiff had not proffered evidence that Hanf knew of his injury on March 11, 2019, Plaintiff has provided evidence from which a reasonable fact finder could find that Hanf knew of Plaintiff's condition as early as March 13, 2019, given that Plaintiff submitted a medical kite complaining of his broken fingers on that date. (ECF No. 6 at 20.) Second, as Judge Denney found, there is indeed a factual dispute as to whether Plaintiff refused transport to see the orthopedist on December 10, 2019, and December 11, 2019, as Defendants proffered a medical kite dated December 11, 2019, in which Plaintiff states he did not refuse to see the orthopedist and in fact wanted to see the orthopedist, but he had been scheduled for a chronic care appointment at the same time and could not be in two places at once. (ECF No. 31-2 at 14.) Even if Plaintiff did not proffer or cite to that evidence himself, the Court has the discretion to consider all admissible materials in the record and exercises such discretion here. *See* Fed. R. Civ. Proc. 56(c)(3).

Third, it remains in dispute whether Plaintiff's ultimate outcome "most likely would have been the same if he had received treatment immediately." (ECF No. 41 at 5.) And even if Plaintiff's outcome would have been the "same," *i.e.*, "end[ing] up with a stiff joint," as Defendants contend, Plaintiff has established through his declaration and many medical kites that he has consistently experienced and still experiences significant pain due to the alleged delays in treatment. (*Id.*; ECF No. 37 at 33-34; ECF No. 31-2.) A reasonable factfinder could find that such pain rises to the level of "unnecessary and wanton infliction of pain" the Eighth Amendment intended to prevent. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation marks omitted). And even if there is evidence that surgery is now no longer an option, as Defendants argue, there is evidence creating a genuine dispute of fact from an orthopedist report that surgery could have been a viable option earlier if not for the delays in treatment. (ECF No. 41 at 5; ECF No. 37 at 31; ECF No. 34-4 at 7.) The Court therefore adopts Judge Denney's recommendation that Defendants' Motion be denied as to Hanf.

### C. Qualified Immunity

Judge Denney finally recommends that Defendants' Motion be denied as to their qualified immunity claims, finding that "if the jury believes Plaintiff's version of events, it could conclude that Defendants' violated Plaintiff's Eighth Amendment rights" and that it was clearly established that denying, delaying, or intentionally interfering with medical treatment can violate the Constitution. (ECF No. 40 at 19.) Defendants object and argue that "Defendants have an overwhelming amount of evidence to prove that they were not deliberately indifferent to [Plaintiff's] serious medical needs." (ECF No. 41 at 6.) Even so, as already discussed, viewing the evidence in the light most favorable to the nonmoving party, Plaintiff has provided countervailing evidence raising genuine disputes of material fact. Lastly, the Court agrees with Judge Denney that it was clearly established at the time of Defendants' alleged misconduct that prisoners have a right to be free from deliberate indifference to their serious medical needs under the Eighth Amendment. *See Estelle*, 429 U.S. at 104. Accordingly, the Court finds that Defendants are not entitled to qualified immunity at this stage and adopts Judge Denney's recommendation. *See, e.g., Sandoval v. Las Vegas Metro. Police Dep't*, 756 F.3d 1154, 1160 (9th Cir. 2014) ("If 'genuine issue[s] of material fact exist[ ] that prevent [ ] a determination of qualified immunity at summary judgment, the case must proceed to trial.'") (citation omitted).

### IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Defendants' objection (ECF No. 41) to the Report and Recommendation of U.S. Magistrate Judge Craig S. Denney is overruled.

It is further ordered that Judge Denney's Report and Recommendation (ECF No. 40) is accepted and adopted in full.

///

5

It is further ordered that Defendants' motion for summary judgment (ECF No. 31) is denied.

It is further ordered that, pursuant to LR 16-5, the Court finds that it is appropriate to refer this case to Judge Denney to conduct a settlement conference. If the parties do not settle, the Joint Pretrial Order is due within 30 days of the date the settlement conference is held.

DATED THIS 23rd Day of November 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE